SHIRLEY BRENING v. ROTO-PRESS, INC., AND ANOTHER.

237 N. W. 2d 383.

December 19, 1975—No. 45469.

Cousineau, McGuire, Shaughnessy & Anderson and John W. Romine, for relators.

Sigal & Savelkoul and Samuel I. Sigal, for respondent.

PER CURIAM.

Relators seek review of a decision of the Workmen's Compensation Commission awarding benefits to employee for continuing temporary total disability. Relators argue that the commission's finding of continuing temporary total disability is unsupported by substantial evidence and disregards unopposed medical testimony. Employee has also petitioned this court for the award of a penalty pursuant to Minn. St. 176.225.[1]

On February 28, 1972, employee suffered a personal injury to her back which subsequently required a lumbar laminectomy. After some initial improvement, her symptoms returned and became persistent by mid-December 1972. By July 1973, her orthopedic surgeon felt that her

---

[1] Minn. St. 176.225, subd. 1, provides as follows: "Upon reasonable notice and hearing or opportunity to be heard, the division or upon appeal, the commission or the supreme court may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:

(a)  instituted a proceeding or interposed a defense which does not present a real controversy but which is frivolous or for the purpose of delay; or,

(b)  unreasonably or vexatiously delayed payment; or,

(c)  neglected or refused to pay compensation; or,

(d)  intentionally underpaid compensation."

healing period had ended and that she should be able to perform light work.

In early February 1974, employee was offered part-time work on a trial basis by relator Roto-Press, Inc. Although she would be doing bindery work similar to what she had done before, arrangements would be made so that she would not have to do heavy lifting and she could rest as needed. Both medical experts testifying at the compensation hearing felt that employee would be able to perform the offered employment. However, employee refused the offer.

Employee stated that she refused the offer because she felt that she was unable to carry on sustained work of any kind. Her symptoms had not abated and sometimes required her to take medication for pain. She was familiar with the physical requirements of the bindery work and felt that she couldn't do a good job. She testified that the 150- to 200-yard walk from the entrance of employer's building to the bindery area would leave her in no condition to work.

Relators argue that the commission's finding of continuing temporary total disability must be reversed because of the unopposed medical testimony. We have previously stated that "[t]he concept of temporary total disability is primarily dependent upon the employee's ability to find and hold a job, not his physical condition." Schulte v. C. H. Peterson Const. Co. 278 Minn. 79, 83, 153 N. W. 2d 130, 134 (1967).

The employee was familiar with the physical demands of the offered position. She was also the person most familiar with the severity of her symptoms and the limitations her back placed upon her physical activities. In such a case, her testimony alone is sufficient basis for the commission's findings of temporary total disability. Grgurich v. Sears, Roebuck & Co. 301 Minn. 291, 223 N. W. 2d 120 (1974).[2] We have carefully reviewed the transcript and record herein and conclude that the commission's findings are supported by substantial evidence. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Minn. St. 15.0425(e).

The employee alleges that the appeal in this case is frivolous and for the purpose of delay. Although she presents no specific evidence of bad faith, she points to the numerous decisions in which we stated that we will not disturb findings of the commission where they are supported by substantial evidence. We do not feel that this appeal is frivolous, and

[2] In Grgurich v. Sears, Roebuck & Co. 301 Minn. 291, 223 N. W. 2d 120 (1974), we reversed the commission's finding of temporary total disability. However, in that case the employee's credibility was extremely suspect. The two cases are distinguishable on that basis.

therefore it does not present a proper situation for the invocation of the penalty provision of Minn. St. 176.225.

Respondent is allowed attorneys fees in the amount of $350.

Affirmed.