## KENNETH C. BROOKS v. HARRIS BROTHERS PLUMBING COMPANY AND ANOTHER.

238 N. W. 2d 212.

January 16, 1976—No. 45634.

*Fitch & Johnson* and *Raymond W. Fitch,* for relators.
*Sigal & Savelkoul* and *Richard A. Miller,* for respondent.

PER CURIAM.

Review on writ of certiorari on the relation of employer and insurer of a decision of the Workers' Compensation Board awarding respondent benefits for continuing temporary total disability and a 40-percent permanent partial disability of his back after a hearing on a notice by

relators of intention to discontinue compensation payments. Respondent has petitioned this court for an award of a penalty pursuant to Minn. St. 176.225.[1]

Relators argue that the board's finding of continuing temporary total disability is unsupported by substantial evidence.[2] However, an employment expert called by the employer and insurer testified that if respondent's complaints of pain and need for frequent rest during periods of activity were true, he would be eliminated from most if not all employment possibilities. The board believed respondent. We will not reverse that decision. Greene v. W & W Generator Rebuilders, 302 Minn. 542, 224 N. W. 2d 157 (1974).

Respondent's petition in this court for penalties is denied. See, Brening v. Roto-Press, Inc. 306 Minn. 562, 237 N. W. 2d 383 (1975).

Respondent is allowed attorneys fees of $350 on this appeal.

Affirmed.

---

[1] Minn. St. 176.225, subd. 1, provides: "Upon reasonable notice and hearing or opportunity to be heard, the division or upon appeal, the [board] or the supreme court may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:

"(a) instituted a proceeding or interposed a defense which does not present a real controversy but which is frivolous or for the purpose of delay; or,

"(b) unreasonably or vexatiously delayed payment; or,

"(c) neglected or refused to pay compensation; or,

"(d) intentionally underpaid compensation."

[2] The board's order remanding to the compensation judge for consideration of an award of penalties presents no question for our review.