Carrie SHOWALTER, Respondent,

v.

CAMPBELL SOUP COMPANY, et al., Relators,

Provident Life Insurance Co., intervenor, Respondent.

No. 47095.

Supreme Court of Minnesota.

April 22, 1977.

Hansen, Dordell & Bradt, and Gene P. Bradt, St. Paul, for relators.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt, and Timothy J. McCoy, Minneapolis, for Showalter.

PER CURIAM.

In this case the Worker's Compensation Court of Appeals determined that employee, Carrie Showalter, after working as a poultry boner for several years, is permanently totally disabled and has a 20-percent permanent partial disability of her left hand and wrist due to a work-related partial displacement of the joint at the base of

her thumb and traumatic arthritis in that area. The relators, employer and its insurer, obtained certiorari challenging the determination that employee is permanently totally disabled and contending also that the compensation court erred in imposing a penalty. We affirm the finding relating to disability but agree with relators that the penalty was improper.

 Relators argue that employee did not seek work she could do in her present condition and for that reason is not entitled to an award for total disability. However, the finding that employee is permanently totally disabled has substantial evidentiary support in the medical testimony. The record reveals that employee can now perform only light work requiring little use of her left hand. Further, a rehabilitation specialist testified that retraining is not advisable.

When employee could no longer do her work, she asked the employer for a job she could do, but none was available. She did not otherwise look for other work, but the evidence strongly suggests she could not have found a job she was able to perform in view of her present disability, her limited education and work experience, her age, a nervous condition of long duration, and the lack of employment opportunities in the village where she lives. Under the circumstances employee's failure to seek employment does not preclude the finding of total disability. *Reese v. Preston Marketing Assn.*, 274 Minn. 150, 142 N.W.2d 721 (1966).

The compensation court imposed the challenged penalty pursuant to Minn.St. 176.225, subd. 1(a, c), upon a finding that relators' appeal to the compensation court, and their contention that employee was not continuously totally disabled, were the institution of a proceeding and the interposition of a defense which was frivolous and for the purpose of delay. While we have determined that the compensation court properly found employee to be permanently totally disabled, we cannot find on this record that relators took an appeal they perceived as groundless or that they acted in bad faith. Cf. *Brening v. Roto-Press, Inc.*, Minn., 237 N.W.2d 383 (1975), and *Brooks v. Harris*

*Brothers Plumbing*, Minn., 238 N.W.2d 212 (1976). Accordingly, the finding on which the penalty is based must be reversed and the compensation due employee reduced accordingly.

Attorneys fees in the amount of $350 are allowed employee.

Affirmed in part, reversed in part, and remanded.