(No. 47975.)

STELLA WILBON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Holsapple Mud-Jacking Co., Appellee.)

*Opinion filed November 24, 1976.*

Melvin Gaines, of Chicago, for appellant.

August M. Mangoni, Ltd., of Chicago (August M. Mangoni, John H. Guill, and William P. Wagner, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This case arises under section 19(k) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1971, ch. 48, par.

138.19(k).) Stella Wilbon filed a petition under the above section to recover additional compensation alleging that respondent, Holsapple Mud-Jacking Co., had unreasonably and vexatiously delayed workmen's compensation payments owed to petitioner's children. Following a hearing, the Industrial Commission denied the petition for additional compensation in the amount of 50 percent of the original award. The circuit court of Cook County affirmed the order, holding that the Commission's decision was not against the manifest weight of the evidence. Petitioner has appealed to this court pursuant to our Rule 302(a). (58 Ill. 2d R. 302(a).) We affirm.

Petitioner had lived in a common law relationship for 11 years with the decedent, Lonnie Wilbon, at the time of his death. Petitioner filed an application for adjustment of claim on behalf of the two minor children born of that relationship. At the hearing on arbitration, petitioner testified that her name was Stella Wilson and that she lived at 214 West 45th Street in Chicago. On January 18, 1973, the arbitrator entered an award on behalf of petitioner's children and three other children of the decedent. A petition for review was filed by respondent, and the order entered by the arbitrator was sustained by the Commission on February 13, 1974.

On September 24, 1974, Stella Wilbon filed a petition under section 19(k) which requested a 50 percent increase in the award. A hearing was held at which the sole evidence was the testimony of the petitioner. She testified that she did not receive any payments from the respondent until October of 1974. Sometime in October of 1974 she received three checks in the amounts of $24,231.60, $250, and $568 from her attorney, Melvin Gaines. The total amount of the three checks equaled the accrued payments then due under the award. Petitioner identified Xerox copies of the faces of these checks, but neither the copies nor the originals were offered as evidence. The record does

not disclose when these checks were written or by whom they were endorsed.

On cross-examination, petitioner stated that she was represented by a Mr. Washington at the initial arbitration proceedings. She also testified that she had informed the arbitrator and counsel for the respondent that all notifications to her were to be sent to attorney Washington. Mr. Washington passed away prior to June 3, 1973. Petitioner further testified that she had changed her address since the initial arbitration hearing and that she had not notified anyone of this change except attorney Washington.

The sole issue presented is whether the order of the Industrial Commission denying a 19(k) award to plaintiff is against the manifest weight of the evidence. Section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(k)) provides:

> "In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay."

Petitioner relies upon *Board of Education v. Industrial Com.* (1932), 351 Ill. 128, to support her contention that a vexatious and unreasonable delay occurred in the instant case. In *Board of Education* it was held that where a considerable amount of time passes during which an award is not paid it is incumbent on the liable party to excuse the delay. Petitioner contends that she has demonstrated that no payment was received until seven months after affirmance of the award and that the respondent has not excused this delay.

We do not, however, consider that the record supports

petitioner's contentions. Her testimony only established that she had received three checks in October from her attorney and that these checks equaled the amount due to her at that time. No evidence was offered in regard to when the checks were written or received by her attorney. Her testimony also indicated that she had not notified either the Commission or the respondent of her change of address and that she had directed the respondent to only contact her through attorney Washington, who died prior to the time the award became final.

The determination of whether there has been an unreasonable and vexatious delay of payment is a question of fact. (*Board of Education v. Industrial Com.* (1968), 39 Ill. 2d 167.) On the basis of the record before us, we cannot say that the decision of the Industrial Commission to deny the petition for additional compensation under section 19(k) is contrary to the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*