(No. 52904.—

AVON PRODUCTS, INC., Appellee, v. THE INDUS-
TRIAL COMMISSION *et al.* (Laura Larsen, Appel-
lant).

*Opinion filed September 15, 1980.—Rehearing
denied November 26, 1980.*

Lewis P. Gaines and Victor F. Ciardelli, of Chicago, for appellant.

Terrance J. Van Driska and Mark A. Potter, of Chicago, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

This is a workmen's compensation case in which claimant, Laura Larsen, an employee of respondent, Avon Products, Inc., was found by an arbitrator for the Indus-

trial Commission to have suffered a work-related injury to her left wrist. She was awarded compensation of $479.61 for 4 3/7 weeks of temporary total incapacity and $108 per week for 19 weeks for the loss of 10% of the use of her left hand, the total award amounting to $2,531.61. She petitioned for review by the Commission, which heard additional evidence and affirmed the compensation awards, adding thereto $545 in chiropractor fees as additional medical expenses. The Commission also found that respondent had, "without just and good cause," failed, neglected and refused payment of weekly compensation and awarded claimant penalties under section 19(*l*) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(*l*)) in the maximum amount of $2,500. It also found that "there has been an unreasonable and vexatious delay by the Respondent herein in the payment of compensation for the period of temporary total incapacity for work" and that, as a result, claimant was entitled to an additional 50% of the amount of temporary total compensation as provided in section 19(k) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k)). Finally, the Commission assessed against respondent the attorney fees payable by claimant in the amount of $643.88, pursuant to section 16 of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.16), which authorizes such action where unreasonable or vexatious delay, intentional underpayment or the presentation of frivolous defenses has occurred. Thus, penalties aggregating $3,383.68 were imposed for what the Commission found was an unjustified delay in making the $479.61 in temporary total compensation payments. Interest on the arbitrator's award was also ordered paid by respondent. Respondent sought *certiorari* from the Cook County circuit court, which confirmed the compensation, medical-expenses, attorney-fees and interest awards but reversed the penalties assessed under sections 19(k) and 19(*l*). The court found that "the awarding of any

penalties in this case was not warranted and not supported by the record." Claimant appealed to this court (73 Ill. 2d R. 302(a)). While both parties agree that the circuit court should be reversed, claimant seeks reinstatement of the Commission's award of compensation and penalties while respondent urges that the Commission's award should be reversed *in toto* or that, at most, the arbitrator's award should be reinstated.

It is apparent from the record before us that the award of compensation cannot be said to be contrary to the manifest weight of the evidence. It suffices on this issue to say that while claimant's testimony contained some inconsistencies, and the medical and chiropractic opinions were not harmonious, it is axiomatic that resolution of conflicting medical opinions and issues of fact are for the Industrial Commission, whose findings will not be judicially disturbed unless against the manifest weight of the evidence. *Eagle Sheet Metal Co. v. Industrial Com.* (1980), 81 Ill. 2d 31, 36; *Inland Steel Coal Co. v. Industrial Com.* (1980), 81 Ill. 2d 61, 65.

The nub of this case is whether the penalties assessed by the Commission may stand. The relevant provisions of our Workmen's Compensation Act, pursuant to which the penalties were imposed, are:

"Sec. 16.

\* \* \*

Whenever the Commission shall find that the employer, his agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the adjustment, settlement or payment of benefits due such employee within the purview of the provisions of paragraph (c) of Section 4 of this Act; or has been guilty of unreasonable or vexatious delay, intentional underpayment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission may assess all or any part of the attorney's fees and costs against such employer and

his insurance carrier." Ill. Rev. Stat. 1977, ch. 48, par. 138.16.

"Sec. 19(k).

In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act shall be considered unreasonable delay." Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k).

"Sec. 19(*l*).

In case the employer or his insurance carrier shall without good and just cause fail, neglect, refuse or unreasonably delay the payment of weekly compensation benefits due to an injured employee during the period of temporary total disability the arbitrator or the Commission shall allow to the employee additional compensation in the sum of $10 per day for each day that a weekly compensation payment has been so withheld or refused, provided that such additional compensation shall not exceed the sum of $2,500. A delay in payment of 14 days or more shall create a rebuttable presumption of unreasonable delay." Ill. Rev. Stat. 1977, ch. 48, par. 138.19(*l*).

Although the statutory language is not uniform, it is apparent that its intent is to implement the Act's purpose to expedite the compensation of industrially injured workers and penalize an employer who unreasonably, or in bad faith, delays or withholds compensation due an employee. Similar provisions exist in other jurisdictions. (See 3 A. Larson, Workmen's Compensation sec. 83.40 (1980).) Penalties for delayed payment are not intended to inhibit contests of liability or appeals by employers who honestly believe an employee not entitled to compensation; they are intended to promote the prompt payment of compensation where due and to deter those occasional

employers or insurance carriers who might withhold payment from other than legitimate motives.

The prevailing rule is stated in 3 A. Larson, Workmen's Compensation sec. 83.40, at 15—632 (1980):

"[G] enerally a failure to pay because of a good faith belief that no payment is due will not warrant a penalty."

When the employer acts in reliance upon responsible medical opinion or when there are conflicting medical opinions, penalties are not ordinarily imposed. (3 A. Larson, Workmen's Compensation sec. 83.40, at 15—636 (1980). See also *Norgard v. Rawlinsons & New System Laundry* (1977), 30 Or. App. 999, 569 P.2d 49.) As long as the insurer "had a legitimate doubt, from a legal standpoint, of its liability, its conduct [refusing payment] was not unreasonable." *Bourgeois v. Brown & Root, Inc.* (La. App. 1974), 303 So. 2d 217; see also *Mayes v. Genesco, Inc.* (Tenn. 1974), 510 S.W.2d 882; *Showalter v. Campbell Soup Co.* (Minn. 1977), 253 N.W.2d 154.

Our own cases, while indicating that whether the employer's conduct justifies the imposition of penalties is ordinarily a factual question for the Commission, also consider that conduct in terms of reasonableness.

"While we do not condone unnecessary delay in payment, we cannot say that the delay in these cases was such as to justify a finding of unreasonable or vexatious delay. It is impractical to set a definite time limitation for payment. As was said in the earlier *Board of Education* case: '*** where all legal proceedings have been exhausted and a considerable time has been permitted to elapse thereafter during which the award is not paid, it is incumbent upon the one liable to pay the same to excuse the delay.' (351 Ill. 128, 132.) The finding of the Commission that the delay in tender was so unreasonable as to justify the application of the sanction of a 50% penalty award is,

in our opinion, against the manifest weight of the evidence. We think, however, that employers in compensation cases would be well advised to make payment of awards as soon as practicable to avoid this question and the possible application of sanctions." *Board of Education v. Industrial Com.* (1968), 39 Ill. 2d 167, 171.

See also *City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99; *Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237; *Sanchez v. Industrial Com.* (1973), 53 Ill. 2d 514.

Examination of the record here indicates that claimant testified her injury occurred on March 1, 1977; her petition for compensation was filed March 24; and she requested the assessment of penalties on April 19, while liability was being contested and long before any award was made. The arbitrator's October 24 order, as earlier noted, awarded $479.61 for 4 3/7 weeks temporary total disability and $2,531.61 for permanent loss of use of 10% of the left hand. Respondent was found to have provided all necessary medical services, the necessity for the chiropractic services thus being rejected. No penalties were assessed. In seeking review of that order by the Commission, claimant urged that the temporary total disability compensation be increased to 15 4/7 weeks (up to the time of discharge by the chiropractors) with penalties, that the charges for chiropractic services be allowed and the 10% permanent loss of use be increased to 20%. Respondent's "Summary Sheet for Oral Arguments" indicated it opposed any award for permanent loss of use and made no mention of the award for temporary total disability. Other than adding to it the chiropractor's charges, the arbitrator's award of compensation was affirmed by the Commission. Because respondent had not previously paid the $479.61 in temporary total compensation, however, maximum penalties and attorney fees aggregating $3,383.68 were levied as earlier indicated.

Respondent urges that the assessment of penalties by the Commission was contrary to the manifest weight of the evidence. It further argues that the sections of the Act hereinbefore quoted are unconstitutional as confiscatory and violative of due process requirements if held to authorize penalties in the amounts here assessed. We need not consider that argument, however, since we agree that the penalty award is against the manifest weight of the evidence.

Prompt payment of compensation for temporary total disability was obviously a matter of concern to the General Assembly, and properly so, for those payments may represent the sole income of the disabled employee. Our Act does not, however, as do the statutes of some States (see 3 A. Larson, Workmen's Compensation sec. 83.40 (1980)), require payment of temporary compensation prior to a final determination of liability therefor where reasonable grounds exist to challenge that liability. Given the facts of the differing medical reports, that claimant did not report her injury until the third day after its occurrence, that while she testified that a heavy tray struck her wrist and injured it, neither the Lehigh Clinic records nor the chiropractor's records indicated she had told them this, contesting liability seems neither unreasonable, without good cause, nor indicative of bad faith on respondent's part. In our judgment the Commission's finding to the contrary is against the manifest weight of the evidence. Claimant urges, however, that the absence from respondent's "Summary Sheet" of any reference to the award for temporary total disability demonstrates that respondent was not acting in good faith. We do not so regard it, particularly in view of the fact that respondent contested liability therefor both prior and subsequent to the filing of the summary. In fact, until this decision becomes final the amount of compensation for temporary total incapacity will not be known with certainty.

The judgment of the circuit court of Cook County is accordingly reversed in part and affirmed in part. The cause is remanded to the Industrial Commission with directions to reinstate the arbitrator's award plus chiropractor's fees and interest.

*Affirmed in part and reversed in part and remanded, with directions.*