(No. 52790.—

CAROLE BRINKMANN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Stanley Korshak, Inc., Appellee).

*Opinion filed November 18, 1980.*

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Paul L. Leeds, of counsel), for appellant.

Terrance J. Van Driska and Mark Potter, of Chicago, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Carole Brinkmann filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) for an injury to her neck and left arm and shoulder that she received while employed as a salesperson at Stanley Korshak, Inc. An arbitrator held that the injury arose out of and was sustained in the course of her employment and awarded her $143.13 per week for a period of 18 3/7 weeks for temporary total disability. The Industrial Commission affirmed the arbitrator's finding and went on to hold that the claimant did not prove that she had sustained any permanent disability. The circuit court of

Cook County confirmed the decision of the Commission, and the claimant appealed to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

The respondent operates a women's clothing store at which the claimant has worked since August 1976. On April 8, 1978, at about 11:30 a.m., she was waiting on a customer who was interested in purchasing a raincoat. She testified that, as she suddenly reached up toward a clothing rack for three raincoats, she felt a "spasm, a knot, on the left side of my neck *** and into the [left] shoulder." She worked for the balance of the day but testified that the pain became worse and extended into her left elbow. The claimant worked Monday, Tuesday and Wednesday of the following week, but by that time, she testified, an overall feeling of weakness had spread throughout her left arm and her left wrist had begun to pain her. She also said that two fingers on her left hand had become numb.

On Thursday, April 13, she consulted Dr. Gerald Kane, an orthopedic surgeon, for an examination which she had scheduled prior to her claimed injury on April 8. Her condition was diagnosed as a recurrent cervical disc syndrome, and she was placed under a therapy program of diathermy, massage, and, later, deep moist heat. She was also given medication for pain. The program continued until May 24, when she was advised to wear a cervical collar and to begin a series of isometric exercises to strengthen her neck. She was still undergoing this treatment at the time of the arbitration hearings.

The claimant returned to work on April 14, the day after her visit with Dr. Kane, and informed the supervisor of the circumstances of her injury. She next worked at her regular schedule on April 18. The claimant testified that by this time the pain in her neck and in her left arm and shoulder had become worse and it had become increasingly difficult for her to perform her duties. As a consequence she never returned to work. On May 25, the

claimant filed an application for adjustment of claim with the Industrial Commission. Because she had not received any compensation from the respondent, the claimant moved for an immediate hearing under section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b)). She also sought penalties and attorney fees under sections 19(k), 19(*l*), and 16 of the Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.16, 138.19(k), 138.19(*l*)).

Section 19(b) provides:

> "The Arbitrator or committee of arbitration may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance to be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability. (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b)).

The award of 18 3/7 weeks of compensation for temporary total disability represents the period between the date of the claimed injury and the date of the last arbitration hearing in August of 1978 as provided for in section 19(b). Causation is not an issue on this appeal, and that the claimant's injury occurred during the course of her employment is not questioned. Contested, however, is her claim that, as she was still unable to return to work when her case came before the Commission on review, she was entitled to additional benefits because of her continuing temporary total disability. She also complains that the Commission erred in refusing an award of penalties and attorney fees. Finally, she argues that the Commission did not have authority to hold that she did not suffer permanent disability since that question was not raised or decided on the hearing before the arbitrator or

before the Commission on review.

Temporary total disability has been defined as that condition which " 'exists from the time an injury incapacitates an employee for work until such time as he is as far recovered or restored as the character of the injury will permit.' " (*Krause v. Industrial Com.* (1975), 62 Ill. 2d 72, 76, quoting *Arbuckle v. Industrial Com.* (1965), 32 Ill. 2d 581, 586. See also *Howard v. Industrial Com.* (1980), 81 Ill. 2d 50, 57; *C.R. Winn Drilling Co. v. Industrial Com.* (1965), 32 Ill. 2d 144, 146.) Thus, a claimant is entitled to benefits during the period between the injury and the recovery or stabilization of his condition, during which there is typically a total loss of wages. (See 2 A. Larson, Workmen's Compensation sec. 57.10 (1976).) The determination of when recovery or stabilization of condition occurs is a question of fact to be determined by the Industrial Commission, and unless its findings are contrary to the manifest weight of the evidence they will not be set aside on review. See, *e.g., United Airlines, Inc. v. Industrial Com.* (1980), 81 Ill. 2d 85; *Sahara Coal Co. v. Industrial Com.* (1977), 66 Ill. 2d 353.

The testimony and records of Dr. Gerald Kane, an orthopedic surgeon and the claimant's treating physician, indicated that at the time of the proceeding before the arbitrator in July and August of 1978, the claimant had difficulty in bending her neck in any direction, particularly backwards. She also complained of residual pain in her left shoulder and of possessing little strength in her arms, which prevented her from lifting heavy objects. Dr. Kane's medical history of her noted that she claimed that as she increased the level of her activity there was a commensurate increase in the level of pain. Because of this condition she did little if any housework and was advised not to drive a car for fear of causing further injury to her neck. As stated above, her condition was diagnosed as a recurrent cervical disc syndrome, which Dr. Kane

described as "an injury to the ligaments in the cervical spine of the neck allowing pressure against the nerves in that area which can be shown with pain in the neck, pain radiating into the arm and/or pain radiating up into the head *** and arm."

At the time of the arbitration hearings, the diathermy and deep moist heat treatments, along with the massages, had been discontinued, but a series of isometric exercises and the wearing of a cervical collar had been prescribed. Dr. Kane's opinion was that the claimant was not capable of returning to work at that time but that this condition might change during the next few weeks.

Dr. Harry Coblens, a witness on behalf of the respondent, examined the claimant on August 7, 1978, and after examining X rays taken of her neck, and after what he termed as an orthopedic examination, testified that in his opinion the claimant was no longer in need of treatment and that she was capable of returning to work. When the case was heard before the Commission in November of 1978, the claimant was receiving electronic stimulation to the neck and shoulder areas, electro-acupuncture and novocaine injections into the neck. This treatment had increased her overall mobility, lessened the pain, and also helped her to sleep. Conflicting medical evidence presents a question for the Commission to resolve, and we cannot conclude that the Commission's refusal to award additional compensation for temporary total disability was contrary to the manifest weight of the evidence. Though it appears that the claimant has not fully recovered from her injury, the testimony of Dr. Coblens was that her condition had stabilized and that she was able to return to work.

Contrary to the claimant's contention, the Commission did not err in refusing to assess penalties against the respondent under section 19(k) for unreasonable or

vexatious delay in payment of compensation. This section is applicable only when an award has been entered in favor of a claimant and the responsible party has unreasonably delayed payment. See, *e.g., Wilbon v. Industrial Com.* (1976), 65 Ill. 2d 221; *City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99.

The claimant's contention that she is entitled to attorney fees and costs under section 16 (Ill. Rev. Stat. 1977, ch. 48, par. 138.16) because there has been an "unreasonable or vexatious delay" in the payment of compensation (Ill. Rev. Stat. 1977, ch. 48, par. 138.19($l$)) also must fail, since this provision for a penalty is also premised upon an adjudication in favor of the claimant.

Nor are we persuaded by the claim that the claimant is entitled to compensation under section 19($l$) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19($l$)), where "the employer or his insurance carrier shall without good and just cause fail, neglect, refuse or unreasonably delay the payment of weekly compensation benefits due to an injured employee during the period of temporary total disability." Though in certain instances the Commission may find that the immediate payment of benefits for temporary total incapacity is required following a claimed injury but prior to a judicial determination of liability so as to provide support for a disabled employee, the sanction of payments of additional compensation for failure to pay these benefits may not be imposed where there has been a good-faith challenge by the employer to the claim of liability. See *Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, 304.

The record shows that the claimant had suffered from the identical complaint, cervical disc syndrome, approximately three years prior to the injury in April of 1978 and that the prior injury had caused her to be hospitalized for 10 days. Furthermore, the April 13 appointment which

she made with Dr. Kane had been scheduled a number of days before her April 8 injury because she was again experiencing a "pulling pain in her neck." Thus, there was a question of whether the claimant had sustained a "fresh" injury on April 8. Based on this and other evidence we find that the respondent's challenge to the claim for benefits was made in good faith and therefore hold that the claimant was not entitled to additional compensation under section 19(*l*) of the Act.

The remaining question is whether the Commission properly held that the claimant had not suffered permanent injury where the question of permanence was not raised before the arbitrator or the Commission on review. The record clearly shows that only the issue of temporary disability was litigated at such hearings. The decision of the arbitrator was specific in showing this. It states: "This award in no instance shall be a bar to a further hearing and determination of a further amount of temporary compensation or of compensation for permanent disability." This language is taken from section 19(b), which the claimant invoked for an immediate hearing on the issue of temporary compensation. It is clear from the record that she did not argue or contend that she was entitled to compensation for a permanent disability. In *Thomas v. Industrial Com.* (1980), 78 Ill. 2d 327, we addressed a very similar question. There, an arbitrator had held that the claimant had failed to prove that he had sustained a permanent disability even though that question had not been raised. As the parties had not litigated this issue, and as the effect of the arbitrator's action was to deprive the claimants of the opportunity to present the issue, it was held that the holding, which the Commission had affirmed, had to be vacated. 78 Ill. 2d 327, 334.

For the reasons given, the part of the judgment of the circuit court pertaining to the issues of additional temporary total compensation, penalties and costs is affirmed, and the remaining part relating to the issue of permanent

disability is reversed and the cause is remanded to the Industrial Commission for further proceedings on that question.

*Affirmed in part and reversed in part and remanded.*