(Nos. 53303, 53461 cons.—

CHICAGO TRANSIT AUTHORITY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Carolyn L. Stevenson, Appellee and Cross-Appellant).

*Opinion filed September 30, 1981.*

Berger and Herman, Ltd., of Chicago (Marvin L. Herman and Herbert F. Imhoff, Jr., of counsel), for appellant and cross-appellee Chicago Transit Authority.

Cornelius E. Toole, of Chicago, for appellee and cross-appellant Carolyn L. Stevenson.

MR. JUSTICE WARD delivered the opinion of the court:

This appeal involves imposition of penalties by the Industrial Commission against the Chicago Transit Authority (CTA) because of a claimed wrongful delay in the payment of disability compensation to a former employee. The circuit court of Cook County set aside the penalties in part, and both the claimant and the CTA appealed directly to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

In January 1977, Carolyn Stevenson injured her left knee in the course of her employment as a ticket agent for the CTA. Acting *pro se* she filed an application for an adjustment of claim with the Industrial Commission on September 22, 1977, and the record shows that her employment with the CTA was terminated in the following month because of absenteeism. On December 21, 1977, an arbitrator made an award to Stevenson for temporary disability compensation and for a 15% permanent loss of use of her left leg. The CTA fully satisfied this award in January 1978.

It appears that on May 24, 1978, an attorney filed a petition on Stevenson's behalf under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)). That section provides for review of an award if the employee's disability has recurred, increased, diminished or ended. There was no hearing on the petition until July 30, 1979. Between May 1978 and July 1979 the

matter was continued at least four times on the claimant's motion.

At the hearing, Stevenson testified that she began working as a secretary for an insurance company in September 1978, and that she had suffered continual pain and difficulties with her injured knee since the time of the arbitrator's award. On October 26, 1978, she said, she was hospitalized because of the condition and Dr. D. G. Sereleas, who had treated her injury in 1977, performed surgery on the knee. Stevenson testified that she returned to her employment on January 2, 1979.

At the section 19(h) hearing, the claimant asked for an increase in the permanent disability award and also for an award for temporary total disability for the period in which she was disabled because of the surgery. Further, because the CTA had wrongfully failed to pay this temporary disability compensation prior to the hearing, the claimant demanded penalties under sections 16, 19(k) and 19(*l*) of the Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.16, 138.19(k), 138.19(*l*)). Section 16 provides for the payment of fees for a claimant's attorney in the case of an employer who unreasonably or vexatiously delays the paying of benefits. The other two sections provide for the assessment of additional compensation where there has been an unreasonable or vexatious delay in the payment of compensation (section 19(k)), or a delay in the payment of temporary disability compensation without good cause (section 19(*l*)).

To support the demand for penalties, the claimant introduced four letters at the hearing. In a letter of January 23, 1979, Stevenson's lawyer informed the CTA's lawyers of the surgery, stated that it was a result of the 1977 injury, and claimed temporary disability compensation for the period extending from Stevenson's surgery in October 1978 to her return to work in January 1979. The second letter, dated February 1, 1979, was a response from the CTA's attorney requesting the name and address of the surgeon, the date of

the surgery, and the name of the hospital where the operation was performed. The letter stated: "When we have reviewed the medical records, we will be in a position to advise our client whether total temporary disability is payable." In a reply dated February 5, 1979, Stevenson's attorney supplied the requested information.

The fourth letter, dated February 16, 1979, was another demand for temporary disability. It also said that Dr. Sereleas' attending physician's statement, detailing the operation and certifying the disability, was enclosed. At the hearing, the CTA introduced a letter dated February 20, 1979, in which the CTA's attorneys informed the claimant's attorney that they could not advise the CTA to pay temporary disability benefits on the basis of the information Stevenson's counsel had furnished. The letter emphasized that the CTA had "not been furnished with any medical report which would serve to connect any surgery or claim *** to any compensable accident."

The claimant also introduced, at the hearing, medical reports prepared by Dr. Gerald McDonald, which detailed the claimant's condition, including its history, and expressed the opinion that the condition was attributable to her injury in January 1977.

The Commission's findings were that the claimant's award for permanent disability should be increased to reflect a 25% loss of use of the leg and that she was entitled to temporary disability compensation from October 26, 1978, to January 1, 1979. As stated, the Commission also imposed penalties under sections 16, 19(k) and 19(l) based on the CTA's not having paid temporary disability compensation. The circuit court set aside penalties under section 19(l). It confirmed the findings as to the other penalties and confirmed the Commission's findings under section 19(h). The section 19(h) award was not challenged in the circuit court or here. The CTA appealed only from the imposition of penalties. We conclude that the Commission's imposition

of penalties was contrary to the manifest weight of the evidence and that the circuit court should have set aside all of the penalty findings.

In *Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, this court held that penalties may not be imposed on an employer for a delay in the payment of temporary disability compensation prior to an adjudication of liability if the nonpayment was based on a reasonable and good-faith challenge to liability. Stevenson would have been entitled to temporary total disability compensation only if the disability was the result of injury related to her employment by the CTA. See *Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221, 223; *Union Starch & Refining Co. v. Industrial Com.* (1967), 37 Ill. 2d 139.

We are persuaded from a review of the record that there was a not unreasonable request by the CTA for a medical report connecting the claimant's surgery and disability with the 1977 injury. This is evidenced by the exchange of letters, particularly by the CTA's letter of February 20, which was completely explicit in requesting connecting medical evidence. There is nothing to show bad faith on the part of the CTA in its request. The claimant had left her CTA employment a year before her hospitalization and surgery. Her attorney had filed a section 19(h) petition in May 1978 but had taken no action other than to continue the matter four times.

The claimant contends that proof of causation was supplied by sending Dr. Sereleas' "attending physician's statement" on February 16. A copy of this form statement is in the record. It names the surgical procedures performed but does not connect the surgery or condition to the 1977 accident. The form notes the original compensation claim number and contains the physician's statement for professional services rendered the claimant. It states only the conclusion that claimant's condition is "due to injury or sickness arising out of patient's employment." There is no

statement that the claimant's condition arose out of the injury of 1977. The CTA correctly says that until the hearing there was no evidence that Stevenson's condition was due to her old injury and not to a new knee injury in other employment. Significantly, at the section 19(h) hearing the claimant did not rely on Dr. Sereleas' form statement. Instead, on the issue of causation, the claimant introduced a detailed report by another physician, who had examined Stevenson only a month before.

The Commission's finding that temporary disability compensation was withheld unreasonably, vexatiously and without good cause is contrary to the manifest weight of the evidence. That finding and the imposition of penalties and fees are hereby set aside. The portion of the circuit court's judgment that confirmed the imposition of penalties and fees under sections 19(k) and 16 is reversed. The balance of the judgment is affirmed.

*Affirmed in part and*
*reversed in part.*