LOREN BOKER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (George Hoffman & Sons, Appellee).

Third District (Industrial Commission Division)   No. 3—84—0735WC

Opinion filed February 20, 1986.

KASSERMAN, J., and WEBBER, P.J., concurring in part and dissenting in part.

R. Wayne Harvey, of Harvey & Stuckel, Chartered, of Peoria, for appellant.

Charles D. Knell and Charles S. Watson, both of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The claimant, Loren A. Boker, filed a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for an injury to his back sustained in the course of his employment with the respondent, George Hoffman & Sons (Hoffman). The claimant was 47 years old and a member of the laborer's union. He had worked as a laborer since 1972. He was employed by Hoffman when, on December 16, 1980, he was injured while operating an asphalt packer. The

packer, a machine which tamps down asphalt, went into a ditch, pulling the claimant in with it. The claimant suffered an injury to his lower back. The claimant saw his family physician the next day. He was unable to return to work. Prior to the accident, the claimant had no history of back pain.

In January 1981, the claimant was referred by his family physician to Dr. Collins. Collins performed a myelogram in February 1981, which showed a possible defect at the S1 root. Collins treated the claimant with physical therapy, medication for pain, and a back brace. On May 4, 1981, Collins released the claimant for return to light duty work. Collins sent the claimant a written release. The claimant contacted Hoffman, told them of his release, and was informed that no light work was available. At this time, Hoffman terminated payment of benefits for temporary total disability (TTD).

In June 1981, Collins referred the claimant to Dr. Weinger, an orthopedic surgeon. Weinger prescribed physical therapy in the form of back exercises and a back brace. Weinger recommended that the claimant return for another examination three months later.

In September 1981, following a report from Weinger, Hoffman resumed payment of benefits. No benefits were paid for the period from May to September. The claimant returned to Weinger on October 1, 1981. He reported that he had been bedridden for one week after installing face brick in his home.

Victor Kavachivica, a vice-president for Hoffman, testified that in October 1981, Hoffman's insurance carrier received a notice that the claimant had been released for work subject to a 40 pound lifting restriction. According to Kavachivica, on October 27, 1981, Hoffman offered the claimant employment as a flagperson. The claimant refused the job, stating that he was not aware he had been released for work. The supervisor who contacted the claimant testified that it was the first time in his experience at Hoffman that a worker released for light duty had been offered the job of flagperson.

The claimant testified that he received neither a written nor a verbal release from Dr. Weinger in October 1981. He further testified that Kavachivica never stated that the job was as a flagperson; that because he had not been released to his knowledge, the claimant refused the job. The claimant testified that he had previously worked as a flagperson. The claimant stated that had he known he was released, he would have accepted the job. Hoffman again terminated the defendant's TTD payments following the defendant's refusal to return to work.

The hearing before the arbitrator was held on December 17, 1981.

At that time, the claimant was still experiencing pain in his back radiating down his left leg. Following the introduction of the above evidence, the arbitrator found that the claimant became ineligible for temporary total disability benefits when he refused the job of flagperson. The arbitrator awarded 45 weeks for TTD; ordered Hoffman to pay for all necessary medical treatment; and held that the award was not a bar to a further hearing on future TTD or permanent disability benefits.

The claimant consulted with Dr. Weinger for his three-month visit in January 1982. Prior to this consultation, the claimant had experienced an episode of severe pain after shoveling snow. The claimant needed several days of bed rest to recover from this episode. Weinger hospitalized the claimant in February 1982 and performed a lumbar discogram. Weinger thereafter imposed a 20-pound lifting restriction on the claimant's employment.

The claimant returned to work on July 26, 1982, on light duty as a carpenter's assistant for a utility company. The hearing before the Commission was held on September 29, 1982. The claimant testified regarding the conditions of his employment at the utility company. He further testified that he still experienced pain after prolonged standing or sitting. He did not see Dr. Weinger again after the discogram. The claimant introduced medical bills for the discogram into evidence.

The claimant additionally submitted the evidence deposition of Dr. Weinger. The deposition was taken in September 1982. During the deposition, Dr. Weinger discussed the claimant's problems resulting from snow shoveling and from installing face brick. Dr. Weinger stated that because the claimant was still having symptoms after these stressful activities, the 1982 discogram was necessary to determine whether a disc had herniated. The discogram revealed degenerative disc disease with a possible small herniation. In Weinger's opinion, the 1980 accident was "either a causative or contributing factor" of the claimant's back problem. Weinger further opined that the possible herniation could have been caused by the claimant's degenerative disc disease or by the strain of installing face brick. Weinger acknowledged that he recommended to the claimant that the claimant engage in any physical activity which the claimant could tolerate. The doctor termed the snow shoveling and face brick incidents "exacerbations" of the claimant's chronic condition, which condition was caused by the accident.

The Commission awarded the claimant 45 weeks of TTD for the period from the time of the claimant's injury until his refusal to work in October 1981, but denied recovery for an additional $725 of medical

expenses incurred for the discogram in February 1982. The Commission refused to assess penalties and attorney fees against the respondent, finding that the claimant failed to show unreasonable conduct on the part of the respondent.

The Commission's decision was confirmed by the circuit court. The claimant raises three issues on appeal. He argues first that the Commission's decision denying recovery of TTD benefits after the date the claimant refused employment is contrary to the manifest weight of the evidence.

The claimant asserts that the Commission erred in deciding that his disability terminated on October 27, 1981. The claimant reasons that the Commission set the termination date based upon the face brick and snow shoveling incidents.

Initially, the claimant's analysis of the Commission's basis for the October 27 date of termination is incorrect. The Commission found "no evidence that petitioner was unable to work after October 27, 1981, the date respondent offered him a job within his restrictions ***." It is apparent that the Commission chose the October 27 date based upon the claimant's refusal of an offer of work and not the face brick and snow shoveling incidents.

The issue then is whether the claimant's temporary disability terminated following Dr. Weinger's release and Hoffman's offer of employment.

An employee is temporarily disabled until he is restored or stabilized. (*Brinkmann v. Industrial Com.* (1980), 82 Ill. 2d 462, 413 N.E.2d 390.) To prove a TTD claim, the employee must show not only that he did not work, but that he also was unable to work. (*Lukasik v. Industrial Com.* (1984), 124 Ill. App. 3d 609, 465 N.E.2d 528.) Where conflicting evidence is presented, the Commission must resolve the conflict. *Lukasik v. Industrial Com.* (1984), 124 Ill. App. 3d 609, 465 N.E.2d 528.

In the instant case, the claimant testified that he did not know he had been released for light duty work. However, Dr. Weinger's office notes show that on October 14, the claimant told Dr. Weinger that he had not worked because no light duty work was available. There was thus conflicting evidence as to whether the claimant knew that he was released. The Commission concluded that Dr. Weinger had released the defendant for light work and that light work was available as of October 27, 1981. We cannot say that this conclusion was contrary to the manifest weight of the evidence.

The second issue raised by the claimant is whether the Commission erred in denying recovery for $725 in medical expenses in-

curred in connection with the February 1982 lumbar discogram. The Commission denied recovery because the claimant failed to prove that the expenses were the result of his accident. Boker argues on appeal that the 1982 treatment was necessitated by the accident. Hoffman responds that the claimant's activities of installing face brick and shoveling snow aggravated his injury by causing a disc herniation, thereby necessitating the additional treatment. Hoffman's medical evidence did not establish that the claimant's activities significantly worsened the claimant's condition.

Section 8(a) of the Act provided that the employer pay for all necessary medical expenses "reasonably required to cure or relieve from the effects of the accidental injury." Ill. Rev. Stat. 1979, ch. 48, par. 138.8(a).

In the instant case, the claimant had no history of back pain. The claimant's doctor recommended that he engage in any activity he could tolerate. Dr. Weinger initially diagnosed the claimant's condition as degenerative disc disease. Weinger stated that the 1980 accident was either a causative or contributing factor of the claimant's recurring problems. He further stated that the claimant's symptoms following the face brick and snow shoveling resolved themselves. Weinger stated that degenerative disc disease can produce a herniated disc. The treatment now contested was a diagnostic test to determine whether the claimant had a herniated disc. Finally, the potential disc herniation was apparent on the February 1981 myelogram, months before the claimant installed brick or shoveled snow. The evidence demonstrates that the medical attention of February 1982 was necessary to diagnose the symptoms the claimant was experiencing and that these symptoms were the effect of his accident. The judgment of the circuit court confirming the Commission's decision denying medical expenses must therefore be reversed.

■ The claimant's final argument is that the Commission erred in refusing to award penalties and fees. The claimant sought penalties under sections 19(k) and 19(l) of the Act. He also requested attorney fees under section 16 of the Act. We address these claims separately, considering first the claimant's request for penalties.

Section 19(k) provides in relevant part that a penalty may be imposed where there has been unreasonable or vexatious delay in payment of compensation, or proceedings have been instituted by the employer which are frivolous or for the purpose of delay. (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(k).) Section 19(l) provides for the imposition of a penalty when the employer "without good and just cause" fails to pay or delays payment of TTD payments. A delay of payment of more

than 14 days creates a rebuttable presumption of unreasonable delay. Ill. Rev. Stat. 1981, ch. 48, par. 138.19(*l*).

The claimant argues that Hoffman acted unreasonably in failing to pay TTD benefits for the weeks of May 1981 to September 1981, and in not paying TTD benefits after benefits were awarded by the arbitrator and prior to the hearing before the Commission. Hoffman responds incorrectly that the claimant has misstated the basis for the Commission's decision. Hoffman further asserts that it challenged liability in good faith.

Hoffman terminated TTD payments from May 4, 1981 to September 1981. May 4 was the day Dr. Collins released the claimant for light duty work, following which Hoffman indicated no light duty work was available. September was the point in time at which Hoffman received Dr. Weinger's report. The arbitrator awarded the claimant TTD benefits for the period of December 17, 1980, to October 27, 1981. At the time of the hearing before the Commission, Hoffman had not paid the TTD benefits awarded by the arbitrator. The Commission awarded the same benefits for the same period. Significantly, no new evidence on the subject of TTD was introduced by the respondent before the Commission. However, the Commission found that there was no evidence of unreasonable conduct by Hoffman in challenging causal connection.

Hoffman incorrectly asserts that penalties for failure to pay an award are limited to section 19(k). Penalties for failure to pay an arbitrator's award have been allowed under section 19(k) (*Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1, 442 N.E.2d 861), and section 19(*l*) (*McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 437 N.E.2d 617).

"Where there is a delay in paying compensation, it is the employer's burden to show it had a reasonable belief the delay was justified." (*Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 414, 456 N.E.2d 847, 850.) Whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness and is a factual question for the Commission. *McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 437 N.E.2d 617.

■ In the instant case, Hoffman demonstrated a reasonable belief that the claimant was not entitled to TTD benefits following the May 4, 1981, release for work from the claimant's own doctor. The termination of benefits upon receipt of the release on May 4, 1981, was objectively reasonable.

Before the arbitrator, Hoffman stipulated that the claimant was disabled from December 1980 to May 1981 and September 14, 1981,

to October 1, 1981. Significantly, there was no evidence presented that the claimant's condition had improved between May and September. Hoffman resumed TTD payments in September but did not then pay the benefits due from May to September. The arbitrator ruled that the claimant remained disabled from May 1981 to September 1981. Before the Commission, Hoffman again presented no evidence that the claimant's condition had improved between May and September.

Whether an employer has acted reasonably is decided on a case-by-case basis. In *McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 437 N.E.2d 617, penalties were awarded for failure to pay TTD. The employee suffered nosebleeds due to exposure to chromic fumes at work. The employer's doctor acknowledged that the injury was due to the fumes. The employer paid no TTD. Following an arbitration hearing at which the employer contested causation, the arbitrator awarded TTD for the entire period the employee was absent from work. This award was affirmed by the Commission, which also awarded penalties under section 19(*l*) for failure to pay TTD. The period of time covered by the penalty ran from the date of the employer's doctor's report acknowledging causation to the date of the hearing before the Commission. The supreme court affirmed the award of penalties, noting that while the employer had not paid any portion of the TTD, the employer offered no evidence before the Commission to support its argument that the employee was not entitled to TTD.

We find that Hoffman acted unreasonably in failing to pay TTD benefits for the period of May to September 1981 following the award of such benefits by the arbitrator. Hoffman rightfully challenged causal connection as to the claimant's permanent condition. However, Hoffman could not reasonably challenge causal connection for temporary disability for the period from May to September and then admit causal connection from September to October. As in *McKay,* Hoffman had failed to pay TTD benefits for the subject period at the time of the Commission hearing although it presented no evidence to the Commission concerning the lack of temporary disability during that period. We therefore find that the Commission erred in failing to award penalties under section 19(*l*).

■ Finally, the claimant sought an award of attorney fees under section 16 of the Act. (Ill. Rev. Stat. 1983, ch. 48, par. 138.16.) Section 16 provides, in relevant part, that attorney fees may be awarded when the employer has engaged in unreasonable or vexatious delay, intentional underpayment, or frivolous defenses under section 19(k). No provision is made in section 16 for an award based upon conduct

proscribed in section 19(*l*). Accordingly, the Commission did not err in refusing to award attorney fees.

The judgment of the circuit court of Peoria County is affirmed as to the awarding of benefits for temporary total disability and the denial of attorney fees, and is reversed as to the denial of compensation for medical expenses and statutory penalties. The cause is remanded for further proceedings consistent with this decision.

Affirmed in part, reversed in part and remanded.

McNAMARA and LINDBERG, JJ., concur.

JUSTICE KASSERMAN, dissenting in part and concurring in part:

I am unable to agree with the decision of the majority that the Industrial Commission erred in refusing to assess penalties under either section 19(k) or 19(*l*) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.19(k), 138.19(*l*)). Therefore, I concur in the opinion of the majority in the case at bar with the exception that I respectfully dissent from that portion of the majority opinion assessing statutory penalties.

Hoffman failed to pay temporary total disability benefits for a period from May 4, 1981, to September 1981. The majority concludes that Hoffman's termination of benefits for this period was "objectively reasonable" based on its receipt of claimant's release for work on May 4, 1981, but concludes, however, that Hoffman acted unreasonably in failing to pay temporary total disability benefits for such period following the arbitrator's award of such benefits.

In this regard, where there is a delay in paying compensation, it is the employer's burden to show that it had a reasonable belief that its delay in payment was justified. (*Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 414, 456 N.E.2d 847, 850.) However, whether an employer has acted reasonably in refusing to pay benefits is to be decided on a case-by-case basis; and whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness and is a factual question to be determined by the Industrial Commission, whose decision will not be disturbed unless it is against the manifest weight of the evidence. *McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 437 N.E.2d 617.

In the case at bar, the Industrial Commission was faced with evidence that claimant was released for light duty work on May 4, 1981.

The majority recognizes that the termination of benefits by Hoffman upon receipt of such notice was "objectively reasonable"; however, it reverses the refusal of the Industrial Commission to assess penalties against Hoffman for failure to pay benefits covering such period after the award of the arbitrator was announced. The decision of the Industrial Commission is entitled to deference unless manifestly erroneous. It is my conclusion that no such error exists in the case at bar.

For the foregoing reasons, I would affirm the decision of the Industrial Commission refusing to assess penalties. I concur in the decision of the majority in all other respects.

Presiding Justice Webber joins in this dissent and partial concurrence.