ROBERT McMAHAN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Farmer's Elevator, Appellee).

Fourth District   No. 4—96—0272WC

Argued December 10, 1996.—Opinion filed June 6, 1997.—Rehearing denied September 4, 1997.

Patricia L. Hayes, of Springfield, for appellant.

Thomas Mark Schmidt, of Livingstone, Mueller, O'Brien & Davlin, P.C., of Springfield, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Robert McMahan, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)) for injuries to his back allegedly sustained on May 20, 1992, while in the employ of Farmer's Elevator (employer). The arbitrator awarded claimant $13^6/7$ weeks of temporary total disability (TTD), medical expenses, attorney fees under section 16 of the Act and penalties under sections 19(l) and (k) of the Act. 820 ILCS 305/16, 19(l), (k) (West 1992). On review, the Industrial Commission (Commission) modified the amount of medical expenses awarded by the arbitrator and eliminated the award of attorney fees and section 19(k) penalties. The circuit court of Sangamon County confirmed the decision of the Commission. Claimant appeals the failure to award attorney fees and section 19(k) penalties.

At the time of the accident, claimant, then age 36, worked as a laborer doing such things as climbing, shoveling, painting, and lifting at employer's grain elevator. Claimant began working for employer full-time in March 1990 and, although he had undergone back surgery in August 1985, experienced very little difficulty with his back while working for employer. Claimant admitted, however, he did periodically have mild left leg pain and pain down his left foot but neither kept him from working.

On May 20, 1992, claimant, while attempting to shut a large gate at the elevator, slipped on some loose rock and fell on his buttocks. He immediately felt a sharp pain in his left buttock that went down his left leg to his knee. Because it was the end of the day, claimant limped to his vehicle and went home. The pain did not resolve itself, however, and claimant reported the incident the next day to his supervisor, Jenny Colburn. At the advice of his supervisor, claimant went to see a doctor about his pain. The doctor gave claimant several prescription medications, but the pain did not subside. Claimant continued to work anyway, although he often had to lie on a couch with a pillow under his legs after he got back home.

On July 15, claimant returned to his chiropractor complaining of continued low-back pain on the left side. He also sought treatment from Springfield Urgent Care (Urgent Care) at the same time. X rays of the lumbar spine taken on August 25, 1992, at Urgent Care revealed narrowing at the L4-L5 interspace. A computerized axial tomography (CAT) scan conducted on September 11 showed a mild posterior central bulging disc at L5-S1.

From September through October claimant underwent physical therapy three times a week during his lunch hour. When this too did not work, claimant was referred to a neurosurgeon. Claimant first saw the neurosurgeon, Dr. Russell, in November and was referred to Memorial Medical Center for epidural injections. The injections proved unsuccessful. Dr. Russell then recommended claimant undergo a lumbar myelogram. The myelogram revealed an extradural defect at L4-L5 with some compression of the nerve root sleeve. Claimant was next referred to an orthopedic surgeon, Dr. Walter Baisier, who recommended surgery. Claimant did not immediately schedule surgery because of his fear of surgery and because it was harvest time, employer's busiest time of the year. Surgery ultimately was performed in January 1994 when the pain had become intolerable. Dr. Baisier performed a lumbar laminectomy and diskectomy at L4-L5 on the left. Dr. Baisier opined that surgery was necessary to relieve claimant of his symptoms and that claimant's condition was causally connected to his fall of May 20, 1992. No other physician gave a contrary opinion.

Jenny Colburn testified claimant informed her of his accident on May 21, 1992. She faxed the information to the superintendent who was in charge of workers' compensation claims. The superintendent denied any knowledge of the accident until he was contacted by employer's attorney in March 1994. Jenny testified it was company policy to take care of small workers' compensation claims internally and not submit accident reports on such claims to the insurance

company. The superintendent confirmed this practice. By November 1992, Jenny realized claimant's condition was more serious than first believed and at that time completed an accident report that was forwarded to the insurance carrier. The carrier informed her there was a problem with coverage on the accident because employer had not complied with its policy provisions and, as a result, refused to pay any of claimant's medical bills. Jenny was also told not to pay any more of claimant's bills internally. Claimant was forced to pay those bills that he could on his own and to deal with collection agencies and civil suits on the remainder.

■ Section 19(k) of the Act provides in relevant part that a penalty may be imposed when there has been an unreasonable or vexatious delay in payment of compensation or when proceedings instituted by the employer are frivolous or for purposes of delay. *Boker v. Industrial Comm'n*, 141 Ill. App. 3d 51, 56, 489 N.E.2d 913, 917 (1986). Section 19(l) of the Act similarly provides for the imposition of a penalty when the employer "without good and just cause" fails to pay or delays payment of TTD payments. *Boker*, 141 Ill. App. 3d at 56, 489 N.E.2d at 917. Section 16 provides, in relevant part, that attorney fees may be awarded when the employer has engaged in unreasonable or vexatious delay, intentional underpayment, or frivolous defenses under section 19(k). *Boker*, 141 Ill. App. 3d at 58, 489 N.E.2d at 919. The intent of these sections is to implement the Act's purpose to expedite the compensation of industrially injured workers and penalize an employer who unreasonably, or in bad faith, delays or withholds compensation due an employee. *Continental Distributing Co. v. Industrial Comm'n*, 98 Ill. 2d 407, 414, 456 N.E.2d 847, 850 (1983); *Avon Products, Inc. v. Industrial Comm'n*, 82 Ill. 2d 297, 301, 412 N.E.2d 468, 470 (1980). Penalties for delayed payment are not intended to inhibit contests of liability or appeals by employers who honestly believe an employee is not entitled to compensation; they are intended to promote the prompt payment of compensation where due and to deter those occasional employers or insurance carriers who might withhold payment from other than legitimate motives. *Avon Products*, 82 Ill. 2d at 301-02, 412 N.E.2d at 470.

■ When a delay in paying compensation has occurred, the employer bears the burden of justifying the delay. *Board of Education v. Industrial Comm'n*, 93 Ill. 2d 1, 9, 442 N.E.2d 861, 865 (1982); *Smith v. Industrial Comm'n*, 170 Ill. App. 3d 626, 632, 525 N.E.2d 81, 85 (1988). Whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness and is a factual question for the Commission. *Avon Products*, 82 Ill. 2d at 302, 412 N.E.2d at 470; *Boker*, 141 Ill. App. 3d at 57, 489 N.E.2d at 918.

The Commission's determination will not be disturbed on review unless it is against the manifest weight of the evidence. *Board of Education*, 93 Ill. 2d at 11, 442 N.E.2d at 866; *Miller v. Industrial Comm'n*, 255 Ill. App. 3d 974, 980, 627 N.E.2d 676, 680 (1993).

■ In this instance, the Commission found employer's conduct in refusing to pay claimant compensation unreasonable and without just cause. The evidence clearly supports this conclusion. Claimant immediately notified employer of his work accident. His supervisor sent him for medical care and initially paid his bills out of the company account pursuant to company policy. Employer was paying benefits until insurance coverage became an issue. There was no valid defense to any issues of accident, notice, or causation. Employer had no evidence, medical or otherwise, that claimant's condition was not related to his work accident of May 20, 1992, at the time it stopped paying benefits. The only issue was insurance. Coverage disputes such as this between an employer and its insurance carrier are not a legitimate basis for nonpayment of compensation to a claimant. Clearly claimant was entitled to an award under section 19(l) of the Act, having shown that employer's conduct was without just cause. The question is whether claimant was also entitled to an award under sections 19(k) and 16 of the Act for employer's unreasonable delay in payment of benefits. Two of the commissioners determined a higher standard of unreasonable and vexatious conduct was required to impose additional penalties under section 19(k) and attorney fees under section 16 than claimant showed here. The dissenting commissioner found employer's entire handling of the case improper with its "conduct alone creat[ing] the need for this litigation." The dissenting commissioner accordingly concluded claimant was entitled to all penalties awarded. Employer contends not only that the conduct did not justify any additional penalties or attorney fees but also such awards are impermissible in this instance under the holding of *Brinkmann v. Industrial Comm'n*, 82 Ill. 2d 462, 413 N.E.2d 390 (1980), in that no *award* had been entered in favor of claimant for which payment was unreasonably delayed. While it is true that prior to the supreme court's decision in *Board of Education* (93 Ill. 2d 1, 442 N.E.2d 861), penalties under section 19(k) and attorney fees could be assessed only after an award, this apparently is no longer the case. The imposition of penalties under section 19(k) is discretionary (see *Smith*, 170 Ill. App. 3d at 632, 525 N.E.2d at 85) and, here, the Commission abused its discretion in reversing the award of such penalties. First, the Commission applied a higher standard to justify the denial of section 19(k) penalties, a standard that has no statutory or apparent case history support. Second, as the dissenting commis-

sioner points out, the reason claimant was not paid was because of employer's own actions in delaying reporting the incident to the insurance company and whatever reasons it now offers to explain its failure to pay compensation came after the fact. Employer's conduct alone created the need for this litigation and as such justifies the award of additional penalties under section 19(k) as well as attorney fees.

Accordingly, the decision of the Commission denying penalties under section 19(k) and attorney fees under section 16 is reversed and that portion of the arbitrator's decision awarding such penalties and fees is reinstated.

Affirmed in part and reversed in part; arbitrator's decision reinstated in part.

RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:

I respectfully disagree that the court erred in denying section 19(k) penalties and section 16 attorney fees.

Here the *arbitrator* awarded attorney fees and section 19(k) penalties. Section 19(k) of the Act states that only "the Commission may award compensation additional to that otherwise payable" under the Act. 820 ILCS 305/19(k) (West 1992). The arbitrator has no authority to award section 19(k) penalties.

In contrast to section 19(k) of the Act, which restricts the imposition of penalties to the Commission, section 19(l) of the Act states the *"arbitrator* or the *Commission"* shall allow additional compensation. (Emphasis added.) 820 ILCS 305/19(l) (West 1992).

With respect to penalties, section 19(l) of the Act provides for penalties with respect to payments "during the period of [TTD]." 820 ILCS 305/19(l) (West 1992). Section 19(k) of the Act allows "the Commission" to award additional compensation "equal to 50% of the amount payable at the time of such *award."* (Emphasis added.) 820 ILCS 305/19(k) (West 1992).

The Commission stated in its decision some six contentions of the respondent as to penalties. The Commission stated "the facts of this case do not support section 19(k) penalties or section 16 attorney fees.

The parties agreed at oral argument that the arbitrator's award was paid shortly after its entry. Reviewing courts should be wary of interfering with Commission decisions.

In *Board of Education,* the Commission, not the arbitrator, awarded section 19(k) penalties and section 16 attorney fees. The

supreme court stated, "We believe it wholly consistent with *Brinkmann*, as that case was applied in *McKay [Plating Co. v. Industrial Comm'n*, 91 Ill. 2d 198, 437 N.E.2d 617 (1982)], to view the arbitrator's award entered on May 22, 1978, and the employer's failure to comply with it as justification for the penalties imposed under section 19(k), as well as the award of attorney fees under section 16." *Board of Education*, 93 Ill. 2d at 13, 442 N.E.2d at 867.

In *McKay*, the Commission awarded sections 19(l) and (k) penalties and section 16 attorney fees. The *McKay* court said,

> "*Brinkmann* requires only that there be an award, not that it be in the amount which the Commission ultimately finds to be due.
> ***
> *** Whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness and is a factual question for the Commission. Its decision is not to be disturbed unless against the manifest weight of the evidence." *McKay*, 91 Ill. 2d at 209, 437 N.E.2d at 622-23.

In summary, there is no legal basis for the court to adopt an arbitrator's award of sections 19(k) and 16 penalties. The arbitrator has no authority to award these penalties. As stated herein, section 19(k) of the Act states "the Commission may award" (820 ILCS 305/19(k) (West 1992)) and section 19(l) of the Act states "the arbitrator or the Commission shall allow" (820 ILCS 305/19(l) (West 1992)).

Because the Commission determines section 19(k) penalties and section 16 attorney fees, it is necessary to address section 19(e) of the Act, which provides that "after December 18, 1989, no additional evidence shall be introduced by the parties before the Commission on review of *the decision of the Arbitrator*." (Emphasis added.) 820 ILCS 305/19(e) (West 1992). That section 19(e) prohibition does not apply in requests for penalties. The restriction against additional evidence is with respect to "review of the *decision* of the Arbitrator." (Emphasis added.) 820 ILCS 305/19(e) (West 1992). As the arbitrator cannot award section 19(k) penalties, the prohibition against additional evidence is not applicable. The prayer for penalties under section 19(k) of the Act is not a "decision of the Arbitrator." 820 ILCS 305/19(e) (West 1992).