FORD MOTOR COMPANY, Appellee, *v.* THE INDUSTRIAL COMMISSION
*et al.* (Calvin Walker, Appellant).

First District (Industrial Commission Division)   No. 1—84—0424WC

Opinion filed June 29, 1984.

George L. Gaines, of Chicago, for appellant.

Perz & McGuire, of Chicago (Frank M. Perz and Robert A. Soltis, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Calvin Walker, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for an injury allegedly sustained while in the employ of respondent, Ford Motor Company. An arbitrator awarded petitioner $225.60 per week for 9⁵/₇ weeks for temporary total disability and $170.75 for medical expenses. The Industrial Commission affirmed the arbitrator's award and further found that petitioner was entitled to additional compensation as a penalty under section 19(l) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(l)). On July 28, 1983, the circuit court of Cook County set aside the decision of the Industrial Commission "as to the findings of fact

on the issue of penalties," and petitioner has perfected this appeal.

On April 26, 1979, petitioner was employed as an assembler by Ford Motor Company when a condenser fell from a ladder and struck him on the back of his head. Petitioner was taken to the hospital and received four stitches in his scalp. Petitioner missed work the following day and returned the next day under a doctor's restriction stating that petitioner should avoid excessive lifting or bending.

On May 11, 1979, petitioner went on medical leave and filled out a group health insurance claim form stating that he suffered from an acute urinary tract infection and hemorrhagic cystitis. On May 14, 1979, petitioner's family physician, Dr. D. K. Stankovic, examined petitioner and admitted him to the hospital for treatment of his urinary tract infection and the hemorrhagic cystitis. Dr. Stankovic continued treating petitioner over the next few months. Dr. Stankovic prescribed medication for petitioner's complaints of headaches and ordered an electroencephalogram (EEG) for petitioner. Petitioner's EEG was found to be normal, and Dr. Stankovic referred petitioner to Dr. Dragomir Vuckovich, a specialist in neurology and psychiatry, for further treatment.

Dr. Vuckovich treated petitioner for headaches and "tenderness" in the back of petitioner's head by prescribing Prolixin, a tranquilizer used to relieve chronic pain. Dr. Vuckovich diagnosed petitioner's condition as post-traumatic neuritis.

The record contains a request for hearing form which was admitted into evidence as arbitrator's exhibit No. 1. This document indicates that Ford Motor Company disputed petitioner's claims that his injury was causally connected to petitioner's condition of ill-being.

On May 11, 1982, the Industrial Commission entered its decision which stated, *inter alia*, the following:

> "The parties stipulated at Arbitration as to Petitioner's earnings and the periods of total temporary disability and to Respondent's payment at a rate of $170.47 instead of $225.60. Respondent explained only that the lower payments had been made under its group program; it had presented no evidence or argument disputing the extent or the causal relationship of the temporary disability, and there is nothing in the record to show that the underpayment amounts have ever been paid."

The Industrial Commission further found that Ford Motor Company failed to provide a reasonable basis for not paying the additional $55.13 per week, that its refusal to pay the proper amount was unreasonable, and that petitioner was entitled to additional compensation in the amount of $2,500 under section 19(l) of the Act. This portion of

the decision of the Industrial Commission was set aside by the circuit court of Cook County, and this appeal resulted.

The sole issue before this court is whether the decision of the Industrial Commission to award additional compensation pursuant to section 19(l) of the Workers' Compensation Act is against the manifest weight of the evidence.

Petitioner contends that the circuit court erred when it set aside the Industrial Commission's decision to award petitioner additional compensation pursuant to section 19(l) of the Workers' Compensation Act because of Ford Motor Company's unreasonable delay in making the full amount of temporary disability payments. In this regard, petitioner maintains that the Industrial Commission's award of additional compensation for unreasonable delay was not against the manifest weight of the evidence.

Ford Motor Company urges that its actions were justified and that it was reasonable for it to refuse to pay workers' compensation benefits and instead to make group health insurance payments in the case at bar because the causal connection regarding the disability was in dispute and the medical evidence indicated that some of petitioner's temporary total disability was for a condition unrelated to petitioner's injury at work. Ford Motor Company contends that the Industrial Commission's decision to award petitioner additional compensation was against the manifest weight of the evidence because the record establishes that it made a good-faith challenge to liability. We agree.

■ Section 19(l) of the Workers' Compensation Act provides as follows:

> "In case the employer or his insurance carrier shall without good and just cause fail, neglect, refuse or unreasonably delay the payment of weekly compensation benefits due to an injured employee during the period of temporary total disability the arbitrator or the Commission shall allow to the employee additional compensation in the sum of $10 per day for each day that a weekly compensation payment has been so withheld or refused, provided that such additional compensation shall not exceed the sum of $2,500. A delay in payment of 14 days or more shall create a rebuttable presumption of unreasonable delay." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(l).)

Penalties under section 19(l) of the Workers' Compensation Act may not be imposed on an employer if the nonpayment is based on a reasonable and good-faith challenge to liability. (*Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, 304, 412 N.E.2d 468, 470.) If an employer acts in reliance upon qualified medical opinion and dis-

putes whether the employment was related to the disability, penalties are not ordinarily imposed. (*O'Neal Brothers Construction Co. v. Industrial Com.* (1982), 93 Ill. 2d 30, 41, 442 N.E.2d 895, 900.) The test is whether the employer's conduct in relying on the medical opinion to contest liability is reasonable under all the circumstances presented. *Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 415-16, 456 N.E.2d 847, 851.

■ We find that Ford Motor Company's payment of group health insurance and its refusal to pay workers' compensation benefits was reasonable in the instant case. The medical report of Dr. Stankovic establishes that petitioner was suffering from an acute urinary tract infection and hemorrhagic cystitis; both conditions are obviously unrelated to the fact that petitioner had been struck on the back of the head during his employment. Additionally, the record indicates that Ford Motor Company disputed the causal connection between petitioner's injury and his employment because it felt that petitioner suffered from a disabling condition which resulted from "an ordinary disease of life." While we recognize that whether an employer's conduct justifies the imposition of penalties is a factual question ordinarily for the Industrial Commission (*Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 456 N.E.2d 847; *Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 20, 25, 442 N.E.2d 883, 885), the instant case, like the cases of *Avon Products* and *O'Neal Brothers Construction Co.*, is one in which the Industrial Commission's determination that the delay of benefits was unreasonable is against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SEIDENFELD, P.J., and BARRY, McNAMARA, and WEBBER, JJ., concur.