CONSOLIDATED FREIGHTWAYS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Randall Waldschmidt, Appellee).

Third District (Industrial Commission Division)    No. 3—84—0631WC

Opinion filed September 16, 1985.

John A. Maciorowski and Michael E. Rusin, both of Stevenson, Rusin & Friedman, of Chicago, for appellant.

Kenneth R. Given, of Krol, DeCarlo, Bongiorno & Given, Ltd., of Chicago, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Randall Waldschmidt, filed an application for adjustment of his claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) for injuries he sustained to his lower back while he was employed by respondent Consolidated Freightways, Inc. Arbitrator Angelo Caliendo made a preliminary award of 22³/₇ weeks of temporary total incapacity benefits under section 19(b) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(b)) and ordered Consolidated Freightways, Inc. to pay $2,528.35 for necessary medical services under section 8(a) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(a)). In addition, the arbitrator awarded petitioner additional compensation in the amount of $980 under section 19(*l*) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(*l*)) and assessed attorney fees in the amount of $1,678 against respondent under section 16a of the Act (Ill. Rev. Stat. 1983, ch. 48, part. 138.16) on account of respondent's refusal to pay temporary total incapacity benefits. Consolidated Freightways, Inc., petitioned the Industrial Commission for review of the decision of the arbitrator, and the Industrial Commission affirmed and adopted the decision of the arbitrator. Consolidated Freightways, Inc., sought review of the decision of the Industrial Commission in the circuit court of La Salle County. The circuit court confirmed the Industrial Commission's decision. Consolidated Freightways, Inc., has appealed to this court.

On April 2, 1983, while in the process of unloading one of his employer's trucks, petitioner slipped, fell and injured his lower back. Petitioner was taken by his employer to Illinois Valley Community Hospital in Peru, for treatment. Upon admission to the hospital petitioner claims to have requested the services of the "company doctor." Petitioner was then examined by Dr. Won Kim. Dr. Kim had conducted petitioner's pre-employment physical and had examined petitioner in relation to a previous work-related shoulder injury. Petitioner remained hospitalized until April 7, 1983. Petitioner received medication and whirlpool treatment for pain and continued to see Dr. Kim on a biweekly follow-up basis until approximately the middle of May 1983. At that time Dr. Kim referred petitioner to a Dr. John McLean. Before seeing Dr. McLean, petitioner was examined at respondent's request by a Dr. Robert Martin. In a report issued by Dr. Martin on May 31, 1983, the doctor informed the respondent that although petitioner complained of lower back pain and that the lower back was

sensitive to touch, petitioner's complaints of pain were inconsistent and the doctor found no evidence of scoliosis, radiculopathy, herniated discs or muscle spasms; however, at oral argument before this court, respondent conceded that further diagnostic procedures were necessary to completely exclude the possibility of all the foregoing. Dr. Martin did not recommend that any such procedures be undertaken. Based on his examination, the doctor concluded there was no evidence of permanent disability and that petitioner was capable of returning to work immediately.

Petitioner was not notified of the results of Dr. Martin's examination until he received a letter from his employer dated June 14, 1983, in which respondent informed petitioner that as a result of Dr. Martin's examination respondent was terminating as of May 31, 1983, the temporary total disability benefits respondent had begun paying on April 3, 1983. Respondent's letter instructed petitioner to contact his supervisor to arrange for a return to work. However, by this time petitioner had been examined by Dr. McLean on June 9, 1983. Dr. McLean had instructed petitioner to remain off work for at least six weeks and to continue the treatment prescribed by Dr. Kim. Dr. McLean gave petitioner a "slip" to this effect, which petitioner gave to his employer. On July 20, 1983, Dr. McLean hospitalized petitioner at Methodist Medical Center, Peoria, and while petitioner was hospitalized performed a CAT scan and a lumbar myelogram. Those tests disclosed a narrowing of the lumbar spine canal which was diagnosed to be of congenital origin and some small bilateral defects in the lower lumbar region. While hospitalized petitioner was also examined by Dr. Frank Russo. Dr. Russo prescribed that petitioner undergo physical therapy. Petitioner was discharged from the hospital on July 26, 1983. He was instructed to continue treatments and remain off work for at least a month. As of September 6, 1983, the date of the hearing before the arbitrator, petitioner had not yet returned to work.

The arbitrator made a preliminary award under section 19(b) of the Act of temporary total disability benefits up to the date of the hearing. The arbitrator further found that respondent's termination of temporary total disability benefits as of May 31, 1983, was without just cause and awarded petitioner additional compensation in the amount of $980 under section 19(l) of the Act and assessed attorney fees against respondent in the amount of $1,678 under section 16 of the Act.

Although Consolidated Freightways contested the issue of its liability for temporary total disability benefits before the Industrial Commission and the circuit court, on appeal the only issue raised is whether the award of additional compensation and the assessment of

attorney fees were contrary to the manifest weight of the evidence.

The award of additional compensation under section 19(*l*) and the assessment of attorney fees under section 16 are not proper if the nonpayment is based on a reasonable and good-faith challenge to liability. (*Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, 304, 412 N.E.2d 468, 470.) If an employer acts in reliance upon qualified medical opinion and disputes whether the employment was related to the alleged disability, such penalties are not ordinarily imposed. (*O'Neal Brothers Construction Co. v. Industrial Com.* (1982), 93 Ill. 2d 30, 41, 442 N.E.2d 895, 900.) The test is whether the employer's conduct in relying on the medical opinion to contest liability is reasonable under the circumstances presented. (*Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 415-16, 456 N.E.2d 847, 851.) This represents a factual question left for the Industrial Commission to resolve, and the Commission's determination on the issue will not be disturbed unless it is against the manifest weight of the evidence. (*Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 20, 25, 442 N.E.2d 883, 885.) Further, the burden of proof of the reasonableness of its conduct is upon the employer. *Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1, 9, 442 N.E.2d 861, 865.

Respondent maintains that its challenge in the case at bar was in good faith, that it acted reasonably, and that it met its burden of justifying the termination of payment of compensation by relying on the report of Dr. Martin. Respondent asserts that sanctions for failure to continue to pay benefits may not be imposed where, as here, there has been a good faith challenge by the employer to the claim of liability. *Associated Mills, Inc. v. Industrial Com.* (1983), 96 Ill. 2d 357, 449 N.E.2d 1349.

We disagree with respondent's conclusion that its conduct in relying on the medical opinion of Dr. Martin to terminate compensation was reasonable under all the circumstances presented by the instant case. We first distinguish as factually inapposite *Avon* and *O'Neal Brothers* and similar cases in which the employer's challenge to liability is based on a dispute as to whether a claimant's injuries are causally related to employment. (See also *Ford Motor Co. v. Industrial Com.* (1984), 126 Ill. App. 3d 115, 466 N.E.2d 1221.) Here the respondent stipulated before the arbitrator that petitioner was injured in a work-related accident and admitted that temporary total disability benefits were due through May 31, 1983. Thus, respondent's challenge to liability is not based on a claim of no causal connection. Rather, its challenge is to the extent of its liability. In other words, respondent's challenge is to the amount of compensation it was required to pay. So

viewed, this case bears more resemblance to the decision in *Continental Distributing*. See *Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 415, 456 N.E.2d 847, 851.

In *Continental Distributing*, as here, the court was faced with conflicting medical opinions. In upholding the Industrial Commission's imposition of penalties, the court in *Continental Distributing* stated:

> "Moreover, the conflicting medical opinions in this case did not dispute liability. Rather, they differed only in regard to the proper treatment which should have been rendered to petitioner for his injury. Respondent's reliance on its own physician's opinion as to the proper treatment to be rendered does not establish, by itself, that its challenge to liability was made in good faith. The test is not whether there is some conflict in medical opinion. Rather, it is whether the employer's conduct in relying on the medical opinion to contest liability is reasonable under all the circumstances presented. This is a factual question for the Commission and will not be disturbed unless it is against the manifest weight of the evidence. [Citations.]" 98 Ill. 2d 407, 415-16, 456 N.E.2d 847, 851.

Given the evidence in the instant case, we cannot say the decision to impose penalties was against the manifest weight of the evidence. None of petitioner's treating physicians ever released him to return to work. Despite the repeated assertions in respondent's brief that Dr. Martin released petitioner to return to work, Dr. Martin's report to respondent only indicated that in the doctor's opinion "this patient is capable of returning to work without restriction effectively [*sic*] immediately ***." It was respondent in its letter of June 14, 1983, that ordered petitioner to return to work. However, at that time petitioner was under orders from Dr. McLean to remain off work, and respondent had been made aware of this fact. These facts distinguish the case at bar from the decision in *Associated Mills, Inc. v. Industrial Com.* (1983), 96 Ill. 2d 357, 449 N.E.2d 1349, in which the employer terminated any further temporary total disability benefits based upon an actual work release from the claimant's treating physician.

For the reasons stated, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

WEBBER, P.J., and BARRY, LINDBERG, and McNAMARA, JJ., concur.