RANDALL WALDSCHMIDT, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Consolidated Freightways, Inc., Appellee).
Third District (Industrial Commission Division)   No. 3—88—0669WC

Opinion filed August 1, 1989, *nunc pro tunc* May 24, 1989.

Kenneth R. Given, of Krol, Bongiorno & Given, Ltd., of Chicago, for appellant.

Michael E. Rusin, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant appeals from an order of the Industrial Commission (Commission) which reduced the amount of penalties awarded by the arbitrator under section 19(*l*) of the Workers' Compensation Act (Act) and denied penalties and attorney fees under sections 19(k) and 16a of the Act (Ill. Rev. Stat. 1987, ch. 48, pars. 138.19(*l*), (k), 138.16a). We affirm.

In a prior appeal this court affirmed a Commission order assessing penalties of $980 under section 19(*l*) as well as an award of attorney fees of $1,678 under section 16a of the Act. (*Consolidated Freightways, Inc. v. Industrial Comm'n* (1985), 136 Ill. App. 3d 630, 483 N.E.2d 652.) The case was remanded for further proceedings to consider additional temporary and permanent disability questions.

Following a second arbitration hearing, claimant was awarded 16 6/7 weeks temporary total disability, in addition to the original 22 3/7 weeks previously awarded, and was found to be permanently disabled to the extent of 25% under section 8(d)(2) of the Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.8(d)(2).) The arbitrator also awarded an additional $2,500 under section 19(*l*), as well as $1,606 in attorney fees under section 16a of the Act.

On review, the Commission reduced the temporary total disability slightly to a total of 39 weeks and further reduced the permanent disability finding to 12%. The Commission also reduced the section 19(*l*) award to $1,520 and made a finding claimant was not entitled to penalties under section 19(k) which precluded an award of attorney fees under section 16a of the Act. Claimant does not contest the Commission's findings with respect to either temporary or permanent disability.

Initially, claimant argues the Commission improperly reduced the amount of additional 19(*l*) compensation. That section provides:

"In case the employer or his insurance carrier shall without good and just cause fail, neglect, refuse or unreasonably delay the payment of weekly compensation benefits due to an injured

employee during the period of temporary total disability the arbitrator or the Commission shall allow to the employee additional compensation in the sum of $10 per day for each day that a weekly compensation payment has been so withheld or refused, provided that such additional compensation *shall not exceed the sum of $2,500."* (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(*l*).)

In this case, the Commission reduced the arbitrator's award to $1,520 to take into account the fact $980 had previously been awarded in the first arbitration proceeding.

Claimant initially contends section 19(*l*) does not limit his recovery to a maximum of $2,500 on his entire claim. Rather, he argues, he is entitled to recover up to $2,500 for each hearing held before the arbitrator or Commission. We disagree.

■■ Nothing in the statute admits of such a construction. Additional compensation is awarded under section 19(*l*) based on the failure to pay weekly compensation. The number of hearings held is irrelevant since the extent of liability is determined solely by the number of days compensation is withheld up to a maximum of $2,500 on any one claim. Nothing in the statute supports claimant's view the legislature intended to permit multiple awards of up to $2,500 for each hearing held in a particular case. The Commission did not err in reducing claimant's section 19(*l*) award.

■■ Claimant also contends the Commission erred by failing to assess additional penalties under section 19(k) of the Act. Under that section, the Commission may award up to 50% of the compensation award as a penalty when there has been an unreasonable or vexatious delay of payment, intentional underpayment, or when frivolous proceedings are instituted by the party liable for compensation. (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(k).) Where there is a delay in paying compensation, it is the employer's burden to show it had a reasonable belief that the delay was justified. Whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness and is a factual question for the Commission. *Boker v. Industrial Comm'n* (1986), 141 Ill. App. 3d 51, 57, 489 N.E.2d 913, 918.

In this case, claimant predicates his entitlement to section 19(k) penalties on unreasonable delay in payment of temporary benefits. In this case, payment was not made until after the second arbitration hearing on January 6, 1986, following remand after the conclusion of the first appeal. Claimant notes the Commission made a finding respondent was not justified in delaying payment of temporary benefits after September 6, 1983. Such inordinate delay in the face of admit-

ted liability, claimant reasons, justifies the additional sanction.

Respondent concedes that its failure to pay temporary benefits during the pendency of the first appeal justifies the award of section 19(*l*) penalties. It denies, however, the delay was vexatious within the meaning of the statute, arguing there was a significant dispute between the parties over the extent of claimant's disability and the amount of compensation to which he was entitled. Respondent points to the fact that on remand claimant did not receive the entire amount of benefits to which he believed he was entitled and the Commission further reduced the arbitrator's award of both temporary and permanent disability.

■■ While the Commission concluded the delay in payment justified the imposition of additional section 19(*l*) penalties, it did not find section 19(k) penalties were appropriate under the facts. Here, the claim was paid after the hearing following this court's remand to the Commission. The issue of extent of liability was contested and there is no claim respondent's position was frivolous. In these circumstances, we conclude the Commission's determination section 19(k) penalties were inappropriate is not against the manifest weight of the evidence.

Finally, claimant argues he is entitled to attorney fees under section 16a of the Act. Those fees were denied by the Commission based on this court's decision in *Boker*, which held that attorney fees under section 16a are not recoverable in the absence of an award of penalties under section 19(k).

■■ Claimant contends denial of fees cannot be justified because this court previously affirmed an award of attorney fees in the first appeal of this cause. We disagree. In the first instance, the propriety of the attorney fee award under the theory raised in *Boker* was not presented to this court in the first appeal of this case and, in any event, this court's decision in the first appeal antedates our opinion in *Boker* in which the issue was raised and decided by the court. On the authority of *Boker*, the Commission properly denied attorney fees.

Accordingly, the judgment of the La Salle County circuit court is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, WOODWARD, and LEWIS, JJ., concur.